In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William F. MROSS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

William F. MROSS, Respondent.

Supreme Court

*No. 02–3030–D. Decided February 25, 2003.*

2003 WI 4

(Also reported in 657 N.W.2d 342.)

8

¶ 1. PER CURIAM. We review the stipulation filed by Attorney William F. Mross and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12,[1] which sets forth findings of fact and conclusions of law regarding Attorney Mross's professional misconduct in connection with his unlawful sale of cigarettes to jail inmates. The parties stipulated to a 90-day suspension of Attorney Mross's license to practice law. We accept the parties' stipulation and recommendation that 90 days is appropriate discipline for this offense, subject to the understanding that Attorney Mross comply with the terms of the deferred prosecution agreement wherein he agreed to refrain from the practice of criminal law for a period of four years, and surrendered his certification with the State Public Defender's Office.

¶ 2. Attorney Mross was admitted to practice in 1975. He has no previous disciplinary history.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 3. On December 5, 2001, Attorney Mross was visiting a client, who was an inmate at the Racine County Jail. Another inmate reported to a sheriff that Attorney Mross had passed cigarettes under the table to his client. Upon questioning Attorney Mross produced a bag containing several packs of cigarettes.

¶ 4. On December 22, 2001, the sheriff's department recovered cigarettes Attorney Mross had given to another inmate, whose sister had paid Attorney Mross $20 to deliver the cigarettes. Attorney Mross was aware that cigarettes were prohibited by Racine County Jail rules and knew that he was engaging in illegal conduct by delivering cigarettes to inmates.

¶ 5. On or about January 4, 2002, a complaint was filed in Racine County Circuit Court, charging Attorney Mross with two counts of delivering articles to an inmate in violation of Wis. Stat. § 302.095 (1999–2000).[2] On April 18, 2002, Attorney Mross accepted a deferred prosecution agreement whereby the complaint was dismissed, without prejudice. In exchange Attorney Mross admitted to the allegations, entered a plea to interference with a Racine County ordinance, and agreed to a forfeiture of $500. Under the terms of the agreement Attorney Mross also agreed to refrain from the practice of criminal law for four years and relinquished his certification with the State Public Defender's Office.

¶ 6. On November 14, 2002, the OLR filed a complaint against Attorney Mross, which charged: "By delivering cigarettes to inmates at the Racine County jail in violation of § 302.095(2), Wis. Stats., Mross committed a criminal act that reflects adversely on his

---

[2] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version.

honesty, trustworthiness, and fitness as a lawyer in violation of SCR 20:8.4(b)."[3]

¶ 7. In the course of the ensuing OLR investigation Attorney Mross further admitted that he had supplied cigarettes to approximately twenty to thirty inmates over a period of three to four years.

¶ 8. On or about December 5, 2002, the OLR and Attorney Mross executed a stipulation pursuant to SCR 22.12. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 90-day suspension of Attorney Mross's license to practice law in Wisconsin.

¶ 9. In its memorandum in support of the stipulation the OLR comments that delivering cigarettes to inmates in violation of state law is a serious breach of professional conduct. Aggravating factors include the number of inmates and amount of time involved, the fact that Attorney Mross used his position as an attorney to gain access to the jail, and that he was motivated in part by desire for personal gain. As mitigating factors the OLR considered the lack of previous disciplinary history and the consequences Attorney Mross agreed to under the deferred prosecution agreement, wherein he relinquished his certification with the State Public Defender's Office and agreed not to practice criminal law for a period of four years.

¶ 10. The stipulation provides further that it is not the result of a plea bargain and reflects neither a reduction of the charges nor a reduction of the level of

---

[3] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

discipline originally sought by the OLR. The OLR is not seeking imposition of costs in this matter.

¶ 11. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that Attorney Mross's misconduct warrants the suspension of his license to practice law. We accept the parties' stipulation that a 90-day suspension is appropriate discipline for this offense, subject to Attorney Mross's continued compliance with the terms of the deferred prosecution agreement, pursuant to which Attorney Mross will refrain from the practice of criminal law for a period of four years, and has surrendered his certification with the State Public Defender's Office. Therefore,

¶ 12. IT IS ORDERED that the license of Attorney William F. Mross to practice law in Wisconsin is suspended for a period of 90 days, commencing April 1, 2003.

¶ 13. IT IS FURTHER ORDERED that Attorney William F. Mross comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 14. JON P. WILCOX, J., did not participate.