# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1350-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Steven Cohen, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant-Respondent,<br>   v.<br>Steven Cohen,<br>       Respondent-Petitioner. |

DISCIPLINARY PROCEEDINGS AGAINST COHEN

| | |
|---|---|
| OPINION FILED: | November 17, 2017 |
| SUBMITTED ON BRIEFS: | June 20, 2017 |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-petitioner, there was a brief filed by *Steven M. Cohen* and *Cohen Law Office,* Madison.

For the complainant-respondent there was a brief filed by *Denis R. Vogel* and *Wheeler, Van Sickle & Anderson, S.C.,* Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP1350-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Steven Cohen, Attorney at Law:**

**Office of Lawyer Regulation,**

**Complainant-Respondent,**

**FILED**

v.

**NOV 17, 2017**

**Steven Cohen,**

Diane M. Fremgen
Clerk of Supreme Court

**Respondent-Petitioner.**

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. Attorney Steven Cohen has appealed a report filed by Referee James C. Boll, Jr. concluding that Attorney Cohen committed four counts of professional misconduct and recommending that Attorney Cohen's license to practice law in Wisconsin be suspended for four months. Attorney Cohen entered into a stipulation whereby he agreed that the facts alleged in the amended complaint filed by the Office of Lawyer Regulation (OLR) could be used to form a basis for his

admissions to the first three counts of misconduct alleged in the amended complaint. In his appeal, Attorney Cohen argues that the evidence was insufficient to support the referee's finding of misconduct with respect to count four of the amended complaint. He also argues that mitigating circumstances support a lesser sanction than the four-month suspension recommended by the referee.

¶2 Upon careful review of this matter, we uphold all of the referee's findings of fact and conclusions of law and conclude that a four-month suspension of Attorney Cohen's license to practice law is an appropriate sanction for his misconduct. As is our usual custom, we also find that Attorney Cohen should be required to pay the full costs of this proceeding, which are $8,608.20 as of July 10, 2017.

¶3 Attorney Cohen was admitted to practice law in Wisconsin in 1996. He practices in Madison, Wisconsin. In 2007, he received a private reprimand as the result of a conviction for one count of misdemeanor disorderly conduct that stemmed from an altercation involving Attorney Cohen and his wife. See Private Reprimand No. 2007-28 (electronic copy available at https://compendium.wicourts.gov/app/raw/002019.html).

¶4 On July 8, 2015, the OLR filed a complaint against Attorney Cohen. Attorney Cohen filed an answer on August 10, 2015. The referee was appointed on October 15, 2015. The OLR filed an amended complaint on March 3, 2016.

¶5   Count one of the amended complaint arose out of an incident that occurred in the course of Attorney Cohen's representation of R.S., who is serving a life sentence for a homicide conviction.   On October 18, 2013, Attorney Cohen traveled to the Columbia Correctional Institution to meet with R.S.   Attorney Cohen carried with him a black bag containing pens, transcripts, and papers.   He also brought a white pastry bag containing two crème-filled donuts and hard boiled eggs. Attorney Cohen informed correctional officers that he had brought his lunch with him.

¶6   Attorney Cohen met with R.S. for several hours.   At some point correctional officers moved them to a different room. When leaving the room, R.S. threw Attorney Cohen's white pastry bag into a trash container.   An officer searched the discarded bag and found a leftover donut and a toothbrush package with the toothbrushes removed.   A subsequent search of R.S. and his belongings revealed two toothbrushes and a 1.5 ounce container of McCormick brand red pepper.   The toothbrushes and pepper had been secreted by Attorney Cohen into the prison in a legal folder.

¶7   According to prison authorities, the toothbrushes were heavier than the ones available to inmates at the prison canteen and could be fashioned into shanks.   The authorities also concluded that the crushed red pepper could be made into a pepper spray.

¶8   When correctional officers interviewed Attorney Cohen about the items, he denied knowing anything about them.

3

Following additional investigation, Attorney Cohen was arrested for delivering contraband into the Columbia Correctional Institution. In February of 2014, the Columbia County district attorney filed a complaint charging Attorney Cohen with one felony count of delivering illegal articles to an inmate and one misdemeanor count of resisting or obstructing an officer.

¶9 On November 14, 2014, Attorney Cohen pled no contest and was found guilty of one felony count of delivery of illegal articles to an inmate, one count of misdemeanor obstructing an officer, and one count of misdemeanor disorderly conduct. The circuit court withheld judgment on the felony count pursuant to a deferred entry of judgment agreement. It entered judgment on the two misdemeanor counts. The court deferred sentencing on those two counts and placed Attorney Cohen on probation for two years with conditions including counseling, costs, electronic monitoring, and 60 days of incarceration in the county jail with Huber privileges.

¶10 Count one of the OLR's amended complaint alleged:

**Count One:** By engaging in acts leading to a finding of guilt for delivery of illegal articles to an inmate, and, in addition, for acts leading to convictions for resisting or obstructing an officer and disorderly conduct, Attorney Cohen violated SCR 20:8.4(b).[1]

---

[1] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶11 The remaining three counts of misconduct alleged in the amended complaint arose out of Attorney Cohen's representation of C.S. In October of 2012, C.S. was charged with criminal operating while under the influence of an intoxicant. C.S. hired Attorney Cohen to represent him and paid advanced fees totaling $2,500. Attorney Cohen deposited all of the funds received into his client trust account. Attorney Cohen did not prepare a written fee communication to C.S. identifying the scope of the representation, the basis or rate of the fee, or the purpose and effect of the $2,500 advanced fee.

¶12 After advancing the fees to Attorney Cohen, C.S. attempted to reach Attorney Cohen by telephone but was unable to adequately communicate and discuss the circumstances of the case with him. On January 7, 2013, C.S. terminated Attorney Cohen's representation by sending a handwritten letter asserting Attorney Cohen had not returned his calls or discussed his case with him. C.S. demanded a full refund of the advanced fee.

¶13 On January 20, 2013, Attorney Cohen responded in writing to C.S.'s termination letter and forwarded his file to C.S. Attorney Cohen said he would discuss with C.S. a partial fee refund. According to Attorney Cohen, he communicated adequately with C.S., including sending C.S. emails. However, C.S. asserted that he did not have an email address and that Attorney Cohen's statements that he had ever emailed C.S. were false. During OLR's investigation, Attorney Cohen was unable to provide documentation demonstrating that he communicated

5

adequately with C.S. by telephone, email, or otherwise, or that he responded to C.S.'s reasonable requests for information. Attorney Cohen ultimately refunded $1,250 to C.S. The OLR's amended complaint alleged the following counts of misconduct with respect to Attorney Cohen's representation of C.S.:

**Count Two:** By charging fees over $1,000 from C.S. without providing a written communication of the fee agreement to C.S., including the scope of representation and the basis or rate of the fee, Attorney Cohen violated SCR 20:1.5(b)(1).[2]

**Count Three:** By receiving a $2,500 advanced fee from C.S. without explaining in a written fee agreement the purpose and effect of such advanced or retainer payment, Attorney Cohen violated SCR 20:1.5(b)(2).[3]

---

[2] SCR 20:1.5(b)(1) provides:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[3] SCR 20:1.5(b)(2) provides: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

**Count Four:** By failing to promptly respond to his client by telephone, correspondence or otherwise, Attorney Cohen violated SCR 20:1.4(a)(4).[4]

¶14 On August 31, 2016, the OLR and Attorney Cohen entered into a stipulation whereby Attorney Cohen admitted counts one, two, and three of the complaint and agreed that the facts alleged in the amended complaint could be used to form a basis to his admissions to those counts and for the referee's conclusions of misconduct thereon. Attorney Cohen did not admit that the facts in the amended complaint were sufficient to form the basis for a finding of a violation of count four. Attorney Cohen also did not stipulate to the OLR's request for a 60-day suspension of his license to practice law in Wisconsin and reserved the right to be heard on that issue.

¶15 At a hearing before the referee, the OLR presented testimony on count four of the amended complaint in the form of an adverse examination of Attorney Cohen and testimony from C.S. In the course of the hearing, the referee advised the parties that they could submit additional information with post trial briefing, particularly with respect to a disagreement that emerged at the hearing concerning whether the record included a complete set of emails allegedly sent from Attorney Cohen to C.S. At the close of the hearing, both parties declined the referee's invitation to submit post trial briefs. The referee then closed the hearing and advised the parties that no

---

[4] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

additional evidence would be admitted, except that Attorney Cohen was given the opportunity to submit additional email correspondence between himself and C.S. for the referee's consideration.

¶16 The day after the hearing, Attorney Cohen sent an email to the referee requesting that "some papers" that he claimed to have submitted around March 2016 become part of the hearing record. No papers were attached to Attorney Cohen's email. A few days later, Attorney Cohen sent a second email to the referee, again referring to the "papers." Attorney Cohen advised the referee that, "they were already part of the record, but do with them as you see fit . . .." No documents were submitted to the referee in conjunction with Attorney Cohen's post hearing request. The OLR advised the referee that the "papers" referred to by Attorney Cohen were not subject to examination at the evidentiary hearing. However, the OLR said it did not object if the referee were to look at the "papers" and give them the weight, if any, the referee deemed appropriate.

¶17 The referee filed his report on August 31, 2016. Based on the parties' stipulation and the record, the referee found that the OLR clearly and convincingly proved that Attorney Cohen committed all four counts of professional misconduct alleged in the amended complaint.

¶18 With respect to count four of the amended complaint, which was the only count Attorney Cohen challenged, the referee noted that Attorney Cohen testified at the evidentiary hearing

8

that he did not respond to C.S.'s telephone calls because he was not ready to speak with C.S. and that this was "a normal trial tactic." The referee also noted that Attorney Cohen testified another reason he did not respond to C.S. was that he urges clients to call him on his cell phone rather than his landline and C.S. called the landline. Further, Attorney Cohen indicated his secretary did not take messages. The referee said he did not find any of those explanations to be credible evidence to mitigate Attorney Cohen's lack of response to C.S.

¶19 The referee also noted that Attorney Cohen and C.S. testified to email communications. The referee said the emails in question appeared to have been exchanged between Attorney Cohen and C.S.'s new counsel, not between Attorney Cohen and C.S. The emails discussed Attorney Cohen returning a portion of the advanced fee. The referee found that those email communications occurred after C.S. had terminated Attorney Cohen as counsel and were not relevant to the allegation that Attorney Cohen failed to respond to his client. Further, the referee pointed out that C.S. was facing a potential felony conviction and incarceration and the need for communication with his attorney was a serious matter. The referee said he "does not find any credible evidence presented by Attorney Cohen to mitigate why he did not respond to [C.S.]." Accordingly, the referee found that all allegations in the amended complaint, including the allegations in support of count four, were proven by the OLR by the requisite burden of proof.

9

¶20 In discussing the appropriate sanction, the referee noted that the OLR argued for a 60-day suspension of Attorney Cohen's license. The referee noted that the case involves four counts of professional misconduct against an attorney who was previously privately reprimanded following a disorderly conduct conviction. The referee noted that the misconduct occurred in two separate matters, one resulting in Attorney Cohen's criminal conviction for providing contraband to an inmate, and the other involving a failure to comply with supreme court rules relating to fee agreements and failing to adequately communicate with his client.

¶21 The referee said there is not a great deal of precedent involving Wisconsin attorneys prosecuted for bringing contraband into a prison. However, the referee noted that in In re Disciplinary Proceedings Against Mross, 2003 WI 4, 259 Wis. 2d 8, 657 N.W.2d 342, an attorney received a 90-day suspension following a conviction for passing packages of cigarettes to multiple inmates over an extended period of time. The referee concluded that Attorney Cohen's behavior was more egregious than the conduct in Mross because the contraband delivered by Attorney Cohen could have been used as a weapon. In addition, the referee said the fact that Attorney Cohen lied to the authorities who questioned him after the incident was an aggravating factor.

¶22 The referee said he was troubled by the fact that Attorney Cohen did not present any mitigating evidence about the prison incident either at the evidentiary hearing or as part of

the stipulation. The referee further said that he was troubled by Attorney Cohen's behavior during the hearing. The referee said, "Attorney Cohen took no responsibility for his actions. He demonstrated no remorse for his actions and demonstrated contempt for the proceedings. Attorney Cohen did not even bring a file to the hearing to assist him in his representation."

¶23 The referee agreed with the OLR's position that Attorney Cohen's conduct in representing C.S., standing alone, would not support a license suspension. However, the referee said he was very troubled by the fact that Attorney Cohen, an experienced criminal defense attorney, furnished contraband to an inmate, and the referee was also troubled that Attorney Cohen took no responsibility for his actions and presented no mitigating evidence during the evidentiary hearing. Based on all of those factors, the referee concluded that an appropriate sanction for Attorney Cohen's misconduct would be a four-month suspension of Attorney Cohen's license to practice law in Wisconsin.

¶24 Attorney Cohen has appealed the referee's report. His brief raises two issues: (1) was the evidence of insufficient attorney client communication alleged in count four of the amended complaint clear, and were mitigating circumstances considered?; and (2) were there mitigating circumstances related to Attorney Cohen's convictions?

¶25 After the notice of appeal was filed, Attorney Cohen filed a motion to correct or supplement the record with documents that he said were previously submitted to the OLR and

11

the referee for the purpose of supplying mitigating evidence. Attorney Cohen's motion said he mistakenly believed the documents were made part of the record but after the hearing discovered they were not in fact in the record. The OLR filed a response saying it did not object to the documents being added to the record but that this court should "give such records only the limited (or no) weight to which they would be entitled, . . .." Many of the documents relate to Attorney Cohen's stormy relationship with his former wife. This court granted Attorney Cohen's motion to supplement the record on November 14, 2016.

¶26 Attorney Cohen argues that there was insufficient evidence to support the referee's findings of fact and conclusions of law with respect to count four of the amended complaint. He further accuses the referee of failing to consider mitigating circumstances. Attorney Cohen argues that C.S. was able to contact him approximately half of the times he attempted to do so. Attorney Cohen says, "there was not a pattern of the client making a large number of calls that were cavalierly ignored over time. The representation was short, and some contacts were made."

¶27 Attorney Cohen also argues that the referee failed to consider mitigating circumstances relating to Attorney Cohen's convictions for bringing contraband into the prison. He says his client wrote him a letter asking that Attorney Cohen bring a toothbrush and some food seasoning to the prison, and the only motive behind delivering those items was "from concern for the

12

care of the inmate, and desire to serve." Attorney Cohen says he had been trying to do as much charitable work as possible at that time to help him "cope with his awful divorce, . . .." Attorney Cohen says he has expressed a sincere and deep regret for his actions, and that he has already suffered long lasting and damaging consequences which include loss of trust, public embarrassment, loss of clients, damage to personal reputation, and monetary loss. Attorney Cohen says he will never make these same mistakes again.

¶28 The OLR argues that the referee's findings of fact regarding count four of the amended complaint are not clearly erroneous, and the referee's conclusion of law with respect to that count is supported by the record. The OLR says the referee was correct that Attorney Cohen offered no good reason for failing to return calls from C.S. The OLR notes that while there was considerable discussion about purported email communications between Attorney Cohen and C.S., C.S. confirmed at the evidentiary hearing that he did not have an email address and did not know how to use email and that the evidence presented at the hearing demonstrated that the only emails that Attorney Cohen sent with respect to C.S.'s case were between Attorney Cohen and C.S.'s new counsel after C.S. had fired Attorney Cohen.

¶29 The OLR says that it is reasonable for any client to assume that a reasonable request for information will generate a response from the attorney and Attorney Cohen failed to properly respond to C.S. The OLR says while Attorney Cohen gave multiple

13

excuses why he did not timely respond to C.S.'s calls to him, the credibility of those various explanations was up to the trier of fact to weigh and the referee specifically said he did not find Attorney Cohen's explanations to be credible evidence to mitigate the lack of response to his client. The OLR says that none of the referee's findings of fact concerning Attorney Cohen's representation of C.S. are clearly erroneous.

¶30 As to the appropriate level of discipline, the OLR notes that it sought a 60-day license suspension and the referee recommended a four-month suspension. The OLR notes that this court is not bound by either recommendation and is the final arbiter of attorney discipline in Wisconsin.

¶31 The OLR argues that the supplemental documents submitted by Attorney Cohen after the notice of appeal was filed do not support mitigation to the extent Attorney Cohen might wish. The OLR notes that Attorney Cohen's supplemental submission references at length his marital difficulties. The OLR says while it is sympathetic to anyone experiencing stress or troubles, this does not explain or excuse Attorney Cohen's criminal actions nor does it justify his laxness toward C.S., who had serious criminal difficulties himself and was facing prison time.

¶32 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's

14

recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶33 After careful review of the matter, we conclude that there has been no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We further agree with the referee's conclusions of law that Attorney Cohen violated all of the supreme court rules set forth above.

¶34 With respect to the appropriate level of discipline, we also agree with the referee that a four-month suspension of Attorney Cohen's license to practice law in Wisconsin is an appropriate sanction. We share the referee's concern that Attorney Cohen's bringing contraband into a prison, which led to one felony and two misdemeanor convictions, is a very serious offense that reflects adversely on an attorney's honesty, trustworthiness, or fitness as a lawyer in other respects.

¶35 We also agree with the referee that Attorney Cohen's behavior is more egregious than Attorney Mross' furnishing inmates with cigarettes because the contraband delivered to the inmate by Attorney Cohen could have been used as a weapon. In addition, we note that Attorney Mross had no disciplinary history and there were no other counts of misconduct involved. By contrast, Attorney Cohen was previously reprimanded for a misdemeanor disorderly conduct conviction, and in addition to the criminal conviction this case also involves three additional counts of misconduct with respect to Attorney Cohen's representation of C.S.

15

¶36 Further, we concur with the referee's conclusion that Attorney Cohen failed to present any mitigating evidence at the evidentiary hearing, and we agree with the OLR that the documents with which we allowed Attorney Cohen to supplement the record to a large extent simply detail Attorney Cohen's marital difficulties. As the OLR noted, while one may be sympathetic to anyone experiencing domestic problems, there is nothing in Attorney Cohen's supplemental document submission that would mitigate the seriousness of the offenses at issue here. Accordingly, we agree with the referee that a four-month suspension of Attorney Cohen's license is appropriate. We also find it appropriate for Attorney Cohen to pay the full costs of the proceeding. Attorney Cohen made a partial refund to C.S. At the hearing, C.S. did not seek additional restitution, and we do not order it.

¶37 IT IS ORDERED that the license of Steven Cohen to practice law in Wisconsin is suspended for a period of four months effective December 29, 2017.

¶38 IT IS FURTHER ORDERED that Steven Cohen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶39 IT IS FURTHER ORDERED that within 60 days of the date of this order, Steven Cohen pay to the Office of Lawyer Regulation the costs of this proceeding, which are $8,608.20. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Steven Cohen to practice law in

16

Wisconsin shall remain suspended until further order of the court.

¶40 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).